IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**BURROUGHS DIESEL, INC.**                                    **PLAINTIFF**

**V.**                                 CAUSE NO. 2:18-cv-26-KS-MTP

**BAKER PETROLITE, LLC; BAKER
HUGHES OILFIELD OPERATIONS, INC.;
POLY PROCESSING COMPANY, LLC;
and JOHN DOES (1-10)**                            **DEFENDANTS**

**COMPLAINT**
(JURY TRIAL DEMANDED)

COMES NOW, the Plaintiff, Burroughs Diesel, Inc. ("BDI"), by and through counsel and hereby files this, its Complaint against the Defendants, and for causes of action, would cite unto this Honorable Court the following, to-wit:

## I. PARTIES

1. Plaintiff, BDI, is a corporation which was organized in the state of Mississippi and has its home office located at 3626 Industrial Boulevard, Laurel, Mississippi 39440.

2. Defendant, Baker Petrolite, LLC ("BP"), is limited liability company formed in the state of Delaware and having its principal place of business in Houston, Texas. BP is registered to do business in the state of Mississippi, and process may be served on its Registered Agent, CT Corporation System, 645 Lakeland Drive, Suite 101, Flowood, Mississippi 39232.

3. Defendant, Baker Hughes Oilfield Operations, Inc. ("Baker Hughes Oilfield"), is a corporation formed in the state of California and having its principal place of business in Houston, Texas. Baker Hughes Oilfield is registered to do business in the state of

Mississippi, and process may be served on its Registered Agent, CT Corporation System, 645 Lakeland Drive, Suite 101, Flowood, Mississippi 39232.

4. Defendant, Poly Processing Company, LLC ("Poly Processing"), is a limited liability company formed in the state of Louisiana and having its principal place of business in Louisiana. Poly Processing does business in Mississippi, and process may be served on its Registered Agent, Dixon W. Abell, 2500 Starlington Road, Monroe, Louisiana, 71203.

5. Defendants, John Does (1-10), are individuals, entities, subcontractors, or agents who are yet unknown to Plaintiff and who have or may have liability in the premises. Plaintiff requests this Court to grant leave to amend this Complaint to add these parties when they are identified and have the Amended Complaint relate back to the original filing.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 9613. This action arises out of a hydrochloric ("HCL") acid tank explosion, which spilled 6,000 gallons of HCL acid that formed acid-laden smoke when released and which contaminated and caused damages to Plaintiff's real and personal property. This action is brought pursuant to Sections 107 and 113 of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601, *et seq.* ("CERCLA"). In addition, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the parties herein have complete diversity of citizenship and the amount in controversy exceeds the jurisdictional limit. This Court has supplemental jurisdiction over the state claims herein under 28 U.S.C. § 1367.

7. Venue is properly established before the Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 9613, as the subject HCL acid release and Plaintiff's claims occurred or

accrued in Laurel, Jones County, Mississippi, which is in the Southern District of Mississippi, Eastern Division.

8.     Pursuant to Section 113(I) of CERCLA, 42 U.S.C. § 9613(I), a copy of this Complaint shall be provided to the Attorney General of the United States and to the Administrator of the Environmental Protection Agency ("EPA"). All procedural requirements under Sections 107 and 113 of CERCLA have been otherwise complied with.

### III. FACTS

9.     Plaintiff re-adopts and reasserts all allegations set forth in Paragraph Nos. 1 through 8 above.

10.    Plaintiff operates multiple businesses at its location at 3626 Industrial Boulevard, Laurel, Mississippi, including:

- Western Star truck dealership (which contains a service department, dyno testing facility and body shop);
- Bluebird bus dealership for the State of Mississippi;
- Commercial Tire Dealership (selling Goodyear and Michelin tires);
- Oilfield service business; and
- Commercial wrecker service.

11.    At said location, Plaintiff owns and uses ten (10) different metal buildings (some of which have HVAC systems, metal wiring, and various vents and ducts), has various equipment (such as cranes and other moving or jacking apparatuses), and maintains metal gates surrounding the property.

12.    Plaintiff is located across the street from a business location owned by BP, at 3705 Industrial Boulevard, Laurel, Mississippi. Defendants, BP and Baker Hughes Oilfield, are subsidiaries of Baker Hughes, Inc., which specializes in the manufacture and storage of

3

chemicals used for oil and natural gas drilling and production. At the subject location (at 3705 Industrial Boulevard), BP and/or Baker Hughes Oilfield stores and manufactures HCL acid, which is a hazardous and highly toxic acid used in the oil industry to dissolve various rock formations, limestone, and cement, and which is highly corrosive and causes rust and deterioration to virtually all metal surfaces which are exposed to the HCL.

13.     The liquid HCL acid was stored in a sealed 6,350 gallon total capacity, tall cylinder tank (being a 6,100 Gallons Upright/Vertical IMFO tank) made of polyethylene, which is mounted off the ground, and is located outside on BP's premises approximately 500-600 feet from Plaintiff's buildings across the street as referenced above (hereinafter referred to as the "HCL acid tank"). The HCL acid tank was connected by a vent pipe to a smaller "scrubber tank" located beside the tank, to relieve pressure from the HCL acid tank (the "scrubber tank").

14.     The HCL acid tank and scrubber tank were designed and manufactured by Defendant, Poly Processing and the HCL acid tank was sold by Poly Processing to Defendants, BP and/or Baker Hughes Oilfield on or about August 2009, and installed by Defendants, BP and/or Baker Hughes Oilfield, in 2009. The scrubber tank was also purchased by Defendants, BP and/or Baker Hughes Oilfield, from Poly Processing on a prior date, and was installed by said Defendants prior to 2009. During the time in question, the HCL acid tank and scrubber tank were owned and operated by and was installed, maintained, inspected and/or repaired by Defendants, BP and/or Baker Hughes Oilfield, at the site owned by BP at 3705 Industrial Boulevard.

15.     On October 14, 2016, the subject HCL acid tank was filled with liquid HCL acid by a tanker truck using pneumatic pressure, at the request and under the supervision

of Defendants, BP and/or Baker Hughes Oilfield. This HCL acid tank had been previously overfilled and over-pressurized numerous times by Defendants, BP and/or Baker Hughes Oilfield, which weakened the bottom of the tank. At some point after the tank was filled (on 10/14/16), the HCL acid tank's internal pressure was over-pressurized and caused a sudden physical explosion which ruptured the tank at the bottom and caused it to release all of its contents (of liquid HCL acid) onto the ground and into the environment (at 3705 Industrial Boulevard). When the HCL acid was released into the environment, it formed airborne HCL acid-laden smoke, which then traveled from the HCL acid tank and across the street to the buildings, property, and equipment owned by Plaintiff (at 3626 Industrial Boulevard) and contaminated the property. The HCL acid-laden smoke infiltrated, contaminated and permeated Plaintiff's real and personal property with HCL acid, including, but not limited to, Plaintiff's ten (10) buildings referenced above, all commercial tire inventory, all buses, trucks, and trailers in inventory, and other metal buildings and the contents of each building.

16.    This release of HCL acid (a hazardous substance) was not discovered until approximately 8:30 p.m. – 9:00 p.m. on 10/14/16, and response teams, the Mississippi Department of Environmental Equality ("MDEQ"), and the Jones and Forest county fire departments were subsequently notified and responded. Sometime during the afternoon of October 15, 2016, the HCL acid spill was mostly neutralized by emergency management teams only at the BP location (at 3705 Industrial Boulevard). However, Plaintiff and Plaintiff's employees and/or agents were forced to spend time, labor, costs and expenses to clean up, investigate, remove and/or respond to the subject HCL acid release and contamination of its property, and the level of contamination, at the buildings, property,

and equipment owned by Plaintiff (at 3626 Industrial Boulevard).

17. As a result of the foregoing, the metal surfaces of Plaintiff's real and personal property, buildings, contents, equipment and inventory were exposed to and permeated/contaminated with HCI acid, which caused immediate rust and accelerated corrosion and early deterioration thereto. Further, Plaintiff incurred unreimbursed response and removal costs in regards to cleaning up, investigating, testing for acid and taking remedial action with the HCL acid contamination and damages to Plaintiff's real and personal property. After representatives from manufacturers inspected all trucks, buses and tires, all warranties were voided and Plaintiff was told to scrap, and not sell, all inventory.

18. As a proximate result of the subject HCL acid tank explosion and HCL acid-laden smoke contamination, exposure and permeation of Plaintiff's real and personal property, Plaintiff sustained damages and losses, including, but not limited to:

    (A.) A total loss and contamination of all Western Star trucks which were in inventory on Plaintiff's property at the time of the spill. The trucks were inspected by an engineer from the manufacturer, Daimler Benz, and based on its inspection and testing, the trucks were declared to be a total loss and Daimler Benz voided all warranties.

    (B.) A total loss and contamination of all Bluebird busses which were in inventory on Plaintiff's property at the time of the spill. The buses were tested and inspected by the manufacturer, Bluebird, and found to be contaminated and declared a total loss, and all warranties on any busses were voided by Bluebird.

    (C.) Contamination by the HCL acid cloud to Plaintiff's tire inventory, previously paid for by Plaintiff in the amount of $560,361.81. Following testing and inspection, Michelin and Goodyear voided all warranties, declared the tires a total loss, and instructed Plaintiff not to sell any of the new tires and to scrap all tires.

(D.) Corrosion, rust, and deterioration to:
- 10 metal roofs and buildings;
- All metal equipment and tools located in the buildings;
- All HVAC units;
- All metal gates;
- All metal wiring;
- All tools;
- All light fixtures; and
- All miscellaneous metal equipment.

(E.) Loss of profits from business interruption and extra expenses.

(F.) Unreimbursed response, removal, investigative, clean up and remedial costs, costs of employee's and officer's time and resources in responding to the spill, and costs to inventory, move, remove or destroy contaminated property— within the meaning of CERCLA— incurred in connection with and as a result of the subject HCL acid release and contamination with Plaintiff's real and personal property.

(G.) Other damages to be determined.

## IV. CAUSES OF ACTION

### COUNT ONE
#### NEGLIGENCE

19. Plaintiff re-adopts and reasserts all allegations set forth in Paragraph Nos. 1 through 18 above.

20. The HCL acid tank which ruptured is owned by Defendant, BP and/or Baker Hughes Oilfield, and was deteriorated and in a unreasonably weakened and dangerous condition at the time of the explosion.

21. Because of the highly toxic and dangerous chemical being stored, and for other reasons to be shown, Defendant, BP and/or Baker Hughes Oilfield, had a reasonable duty of care and breached this duty of care and was negligent in the following respects:

    a. Failure to properly train, hire and supervise competent employees, agents and/or subcontractors to install, inspect, maintain, fill, and repair the HCL acid tank and ventilation system;

7

    b.    Failure to regularly inspect the HCL acid tank for compliance with safety regulations and spill prevention standard;

    c.    Failure to adequately install, inspect, maintain, and repair the subject HCL chemical tank, scrubber tank and ventilation system, in accordance with the manufacturers specifications and required maintenance and inspection requirements;

    d.    Failure to adequately ventilate and maintain the subject HCL acid tank and prevent over-pressurizations, deterioration and explosions of the tank;

    e.    Prior multiple over-fillings of the HCL acid tank with acid and multiple prior over-pressurizations of the subject tank, which weakened the integrity of the bottom of the subject HCL acid tank;

    f.    Failure to comply with all applicable regulations, concerning safety and the storage of the chemical tank containing HCL;

    g.    Failure to comply with safety standards and regulations in filling the tank and storage of HCL, to prevent over-pressurizations and acid spills;

    h.    Failure to conduct required safety reviews, inspections and/or hazard analysis of the subject HCL acid tank and ventilation system;

    i.    Failure to draft or follow emergency shut down procedures and install emergency shut down equipment;

    j.    Failure to install, inspect, and maintain safety monitoring to detect the likelihood of a spill or rupture with the subject HCL acid tank and take corrective actions; and

    k.    Others to be determined.

22.    The above referenced negligence on the part of Defendant, BP and/or Baker Hughes Oilfield, was the proximate cause or proximate contributing cause of the above-referenced damages to Plaintiff's real and personal property, and lost profits and excessive expenses. Plaintiff moves this Court to enter a monetary judgment to fully compensate the Plaintiff for all damages which were proximately caused by the subject HCL acid spill.

## COUNT TWO
### GROSS NEGLIGENCE / PUNITIVE DAMAGES

23. Plaintiff re-adopts and reasserts all allegations set forth in Paragraph Nos. 1 through 22 above.

24. The above referenced acts of negligence on the part of Defendant, BP and/or Baker Hughes Oilfield, were tantamount to gross negligence with reckless disregard for the rights of adjacent property owners such as Plaintiff. Because the negligence was gross and reckless, this Court should award punitive damages to hold the Defendants fully accountable for their wrongful actions.

## COUNT THREE
### TRESPASS

25. Plaintiff re-adopts and reasserts all allegations set forth in Paragraph Nos. 1 through 24 above.

26. Defendant, BP and/or Baker Hughes Oilfield, negligently and/or intentionally entered upon the Plaintiff's property by negligently and/or intentionally releasing and permitting its HCL acid and HCL acid-laden smoke to enter upon Plaintiff's property, as hereinabove described; and said entry was unauthorized and interfered with Plaintiff's right of exclusive possession of its real and personal property.

27. The negligent and/or intentional conduct on the part of Defendant, BP and/or Baker Hughes Oilfield, is the direct and proximate cause of said invasion of HCL acid and HCL acid-laden smoke from its property to enter upon, invade, contaminate and permeate Plaintiff's property.

28. As a direct and proximate result of said trespass, Plaintiff suffered damages to its real and personal property as hereinabove described, and was otherwise damaged.

29. The conduct on the part of Defendant, BP and/or Baker Hughes Oilfield, was intentional and/or in wanton or reckless disregard for its consequences and/or for the rights of Plaintiff; and as such, this Court should award punitive damages.

## COUNT FOUR
### NUISANCE

30. Plaintiff re-adopts and reasserts all allegations set forth in Paragraph Nos. 1 through 29 above.

31. Defendant, BP and/or Baker Hughes Oilfield, intentionally and unreasonably, and/or negligently, recklessly or as a result of abnormally dangerous conditions or activities, released and allowed its HCL acid and HCL acid-laden smoke to enter upon Plaintiff's property, as hereinabove described.

32. The acts by Defendant, BP and/or Baker Hughes Oilfield, in releasing and allowing its HCL acid and HCL acid-laden smoke from its property to enter upon, invade, contaminate and permeate Plaintiffs' property, proximately and directly prevented the Plaintiff from the private use and enjoyment of Plaintiff's property, as hereinabove described.

33. As a direct and proximate result of the foregoing, Plaintiff sustained damages to its real property and personal property as hereinabove described, including temporary and/or permanent reduction in value of the property; interference with the use of and loss of enjoyment of said property; lost profits and excessive expenses; and Plaintiff was otherwise damaged.

34. The conduct on the part of Defendant, BP and/or Baker Hughes Oilfield, was intentional and/or in wanton or reckless disregard for its consequences and/or for the rights of adjacent property owners such as Plaintiff; and as such, this Court should award

punitive damages.

## COUNT FIVE
## CERCLA – SECTION 107
### (Recovery of Response Costs under 42 U.S.C. § 9607 - "Strict Liability")

35.    Plaintiff re-adopts and reasserts all allegations set forth in Paragraph Nos. 1 through 34 above.

36.    Defendant, BP was the owner and operator of the 3705 Industrial Boulevard location, and Defendants, BP and/or Baker Hughes Oilfield, were the owner(s) and operator(s) of the HCL acid tank in question, which stored or disposed of "hazardous substances" including HCL acid. This "site" in question is a "facility" within the meaning of CERCLA, and Defendants, BP and/or Baker Hughes Oilfield, are "responsible parties" under CERCLA.

37.    Defendants, BP and/or Baker Hughes Oilfield, were the owner(s) and operator(s) of the site in question at the time of "disposal" of "hazardous substances" at the site, including HCL acid, within the meaning of CERCLA.

38.    There has been a "release" of "hazardous substances" from the subject site within the meaning of CERCLA, including the release of HCL acid and HCL acid-laden smoke emanating from the HCL acid tank to Plaintiff's real and personal property located across the street from the site beginning on or about 10/14/2016.

39.    As a result of this "release", specifically the subject HCL acid tank spill and HCL acid / HCL acid-laden smoke contamination, exposure and permeation with Plaintiff's real and personal property on or about 10/14/2016, Plaintiff has incurred and continues to incur unreimbursed "response" and "remedial" costs in connection therewith, within the meaning of CERCLA, and Defendants, BP and/or Baker Hughes Oilfield, is strictly liable

11

for all of such damages, including, but not limited to, the following:

    a. Costs for labor and time spent by Plaintiff and its employees and/or agents, with regards to clean up, removal of damaged property and/or other activities in response to the subject HCL acid contamination and property losses;

    b. Investigative costs for determining and testing the level of contamination sustained in response to the subject HCL acid contamination;

    c. Attorney fees, costs and expenses for responding to and in investigation of the subject HCL acid spill/contamination and extent of contamination;

    d. Other costs to rectify hazardous conditions and losses, and to move and store contaminated property; and

    e. Other costs, within the meaning of CERCLA, to be determined.

40. The response actions taken and response costs incurred were otherwise consistent with the National Oil and Hazardous Substances Pollution Contingency Plan ("NCP"), 40 C.F.R. Part 300.

41. The subject release of a hazardous substance from the site was the result of willful misconduct or willful negligence within the privity or knowledge of Defendants, BP and/or Baker Hughes Oilfield, and/or the primary cause of said release was a violation, within the privity or knowledge of said Defendants, of applicable safety or operating standards or regulations.

42. Pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607, Defendants, BP and/or Baker Hughes Oilfield, are strictly liable for all response costs, plus accrued interest, incurred and to be incurred by the Plaintiff in connection with the HCL acid release and contamination emanating from the HCL acid tank, as set forth above.

## COUNT SIX
### PRODUCTS LIABILITY
### (MISS. CODE § 11-1-63 "Strict Liability" / Negligence)

43.     Plaintiff re-adopts and reasserts all allegations set forth in Paragraph Nos. 1 through 42 above.

44.     The subject HCL acid tank—being a 6,100 Upright/Vertical IMFO tank—was negligently manufactured, distributed and/or sold by Defendant, Poly Processing, in a defective and unreasonably dangerous condition.  Further, Defendant, Poly Processing, wrongfully and negligently manufactured the HCL acid tank with a void in the bottom of the tank and other defects which weakened this area below the required design capacity and made this weakened area likely to rupture and explode from pressurization and/or over-pressurization.

45.     Defendant, Poly Processing, had a duty to utilize safety inspection or manufacturing procedures and processes which would uncover manufacturing defects such as a void or weak point in the manufacturing of polyethylene products, and breached this duty. Defendant, Poly Processing designed and manufactured the HCL acid tank intending that the tank would be used to store HCL, which would be subject to static pressure and additional pressure from pneumatic filling of the tank. Defendant, Poly Processing, had a duty to design and manufacture the tank without defects in the molding and welding which would subject the tank to failure from pressurization and potential over-pressurization of the tank.  The weakened part of the tank caused by the manufacturing defect caused an unreasonably dangerous condition which proximately caused or contributed to the cause of the explosion which released the hazardous and toxic HCL acid.

46.     Defendant, Poly Processing, breached its duty owed to Plaintiff and was

negligent in the following respects:

- a. Failing to properly manufacture, inspect and test the subject HCL storage tank prior to its production and sale;
- b. Failing to manufacture the subject tank according to the manufacturer's or designer's specifications, or otherwise according to identical tanks manufactured to the same manufacturing specifications, and/or according to the standards of the industry and/or the standards set forth by any governmental entity;
- c. Failing to utilize proper manufacturing or inspection procedures which would have discovered the defect and prevented the subject release of the hazardous substance, HCL; and
- d. Others to be determined.

47. The defective and unreasonably dangerous condition(s) of the HCL acid tank described hereinabove, and the aforementioned breaches of duty and negligence on the part of Defendant, Poly Processing, proximately caused or contributed to the rupture and explosion of the bottom of the HCL acid tank and were the direct and proximate cause of the Plaintiff's property damages and lost profits and excessive expenses, as set out herein.

48. Defendant, Poly Processing is strictly liable under the Mississippi Products Liability Act, MISS. CODE ANN. § 11-1-63, in the negligent manufacture and/or sale of an unreasonably dangerous product, and should be held strictly liable for the defective manufacturing of the subject HCL acid tank, and for the damages caused to Plaintiff.

49. In addition or the alternative, Defendant, Poly Processing had a duty to design and distribute and/or sell the subject HCL acid tank in a manner and in such condition so as to ensure that it was designed to be a reasonably safe product when used under normal and reasonable conditions and pressurization. Defendant, Poly Processing breached its duties and was negligent by designing a defective and unreasonably dangerous product; and by failing to design the subject tank and/or its ventilation system with reasonable safety

features to prevent the tank from failing and/or releasing hazardous substances. The damages sustained by Plaintiff were the direct and proximate result of Defendant, Poly Processing's negligence.

## V. RELIEF AND JUDGMENT REQUESTED

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff respectfully moves this Honorable Court for a trial by jury and to enter judgment in favor of Plaintiff against Defendants, for all response and remedial costs incurred and to be incurred in connection with the HCL acid release and contamination, including interest thereon; for an amount over $75,000 as may be determined by the jury to fully compensate Plaintiff for all actual and punitive damages, plus pre- and post-judgment interest, attorneys' fees and all costs incurred in filing and prosecuting the subject action; and for such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED**, this the 21st day of February, 2018.

BURROUGHS DIESEL, INC., *Plaintiff*

_____
Ken R. Adcock (MSB #1150)
*Attorney for Plaintiff*

OF COUNSEL:

ADCOCK & MORRISON, PLLC
795 Woodlands Parkway, Suite 220 (39157)
Post Office Box 3308
Ridgeland, Mississippi 39158
Telephone: (601) 898-9887
Facsimile: (601) 898-9860
kadcock@adcockandmorrison.com