IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**BURROUGHS DIESEL, INC.**                                                             **PLAINTIFF**

v.                                                             **CIVIL ACTION NO. 2:18-CV-26-KS-MTP**

**BAKER PETROLITE, LLC,** *et al.*                                      **DEFENDANTS**

**ORDER**

Plaintiff filed a Motion to Clarify and Reconsider [221] the Court's previous rulings as to the issue of roof damages. First, Plaintiff argues that it should be permitted to use an alternative measure of damages. Second, Plaintiff argues that they should be permitted to offer certain evidence at trial in support of the alternative measure of damages. The Court **grants the motion in part, denies it in part**, **and declines to address it in part,** as provided below.

*A.  Alternative Measure of Damages*

First, Plaintiff argues that it should be permitted to use replacement cost as an alternative measure of the alleged damage to its metal buildings' roofs. The Court previously ruled that, generally, "the measure of damages in actions for permanent injury to land where there is no willful trespass is the difference in value in the before-and-after damage to the premises." *Harrison v. McMillan*, 828 So. 2d 756, 769 (Miss. 2002). But the "before-and-after" rule "is not a hard and fast or inflexible rule applicable under all circumstances, and it will not apply where there is a more definite, equitable, and accurate way by which the damages may be determined."

*Bynum v. Mandrel Indus., Inc.*, 241 So. 2d 629, 634 (Miss. 1970). Therefore, a plaintiff "can choose to prove *either* reasonable cost of replacement or repairs *or* diminution in value, and if he proves either of these measures with reasonable certainty, damages are allowable, so long as the plaintiff will not be unjustly enriched and the defendant does not demonstrate that there is a more appropriate measure of damages." *Bell v. First Columbus Nat'l Bank*, 493 So. 2d 964, 970 (Miss. 1986).

Plaintiff previously argued that the appropriate measure of damages to the metal buildings in this case is the "diminution in value of the buildings before and after the spill." Memorandum in Opposition to Motion to Exclude Expert's Testimony at 24, *Burroughs Diesel, Inc. v. Baker Petrolite, LLC*, No. 2:18-CV-26-KS-MTP (S.D. Miss. July 19, 2019), ECF No. 167; *see also* Memorandum in Opposition to Motion for Summary Judgment at 4, *Burroughs Diesel Inc. v. Baker Petrolite, LLC*, No. 2:18-CV-26-KS-MTP (S.D. Miss. July 19, 2019), ECF No. 169. Plaintiff acknowledged that "[a]lternatively, if the damaged property can be reasonably repaired to its former condition at a cost less than diminution in value, and is practicable to do so without impairing its quality, the cost of restoration of the property, plus compensation for the loss of its use, may be the measure of damages." Memorandum in Opposition to Motion to Exclude [167], at 25 (punctuation omitted). However, Plaintiff argued that repair of the buildings "would be too costly and produce an inferior result." Memorandum in Opposition to Motion for Summary Judgment [169], at 4; *see also* Memorandum in Opposition to Motion to Exclude [167], at 27. Accordingly, Plaintiff

2

contended that "efforts to repair the roofs . . . of the metal buildings would be neither cost-effective nor sufficient to place BDI back into a condition substantially similar to the buildings' pre-spill state." Memorandum in Opposition to Motion to Exclude [167], at 32.

The Court granted Baker's Motion for Summary Judgment as to Plaintiff's damages arising from the metal buildings. The Court assumed that the "before-and-after" rule applied, as Plaintiff argued, and held that Plaintiff had no admissible evidence from which a jury could infer the diminution in value of the metal buildings. Plaintiff now contends that he should be permitted to seek damages for the replacement of the metal buildings' roofs. Plaintiff argues that although the Court found that he had insufficient evidence to prove the value of the buildings after the spill with reasonable certainty, he is still permitted to use replacement cost as a measure of damages.

The Court agrees. Mississippi law plainly allows him to use either measure of damages. Based on the framing of the parties' arguments on summary judgment, the Court only addressed Plaintiff's ability to carry his burden under the "before-and-after" rule. Therefore, replacement cost is still available.

Defendants argue that Plaintiff is judicially estopped from asserting a different measure of damages at this stage of the litigation. The doctrine of judicial estoppel "prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." *Gabarick v. Laurin*

3

*Maritime (America) Inc.*, 753 F.3d 550, 553 (5th Cir. 2014). The purpose of the rule is to "prevent litigants from playing fast and loose with the courts." *Id.* "In this circuit, at least two requirements must be met before a party's argument may be judicially estopped. First, the estopped party's position must be clearly inconsistent with its previous one, and second, that party must have convinced the court to accept that previous position." *Id.*

Plaintiff did not convince the Court to accept its previous position regarding the appropriate measure of damages. The Court made no definitive ruling regarding the appropriate measure of damages in this case. Rather, the Court assumed, for the purpose of addressing Baker's dispositive motion, that Plaintiff's desired measure of damages, the before-and-after rule, applied. Therefore, Plaintiff is not judicially estopped from arguing replacement cost as the appropriate measure of damages.

Defendants also argue that Plaintiff does not have admissible evidence to support an award of damages based on replacement cost, and that replacement cost is an inappropriate measure of damages here because it would cost less to repair the roofs or to apply the "before-and-after" rule. The Court declines to address the sufficiency of Plaintiff's evidence at this stage of the litigation, but Defendants are still free to move for judgment as a matter of law at trial after Plaintiff rests.

## B. *Lorenzo's Testimony*

Next, Plaintiff argues that its expert, Fernando Lorenzo, should be permitted to testify at trial regarding his opinions and calculations for the loss of zinc coating

4

on the roofs, and his estimated cost to replace the roof panels.

In the Court's previous opinion, it excluded 1) Lorenzo's opinion that the metal buildings' reduction in useful life is proportionate to the reduction in the fair market value of the buildings after the acid spill; 2) Lorenzo's opinions regarding the cost to repair the metal buildings, that the cost of repair would exceed the diminution in the buildings' value, and that the repaired buildings would be inferior to their pre-spill condition; 3) Lorenzo's opinions regarding the remaining useful life of the metal buildings' roof panels; and 4) Lorenzo's opinion regarding the loss of useful life of the metal buildings' side panels. Plaintiff has not provided the Court any reason to revisit these rulings. Accordingly, Lorenzo may not provide any of this previously excluded opinions or testimony, for the same reasons provided in the Court's prior order.

As for Lorenzo's calculations regarding the loss of zinc coating on the roofs and his estimated cost to replace the roof panels, the Court did not previously exclude them. Therefore, Plaintiff is free to offer the testimony. Likewise, Defendant is free to object. If there's a dispute as to admissibility, the Court will address it at trial.

## C.     *Other Evidence of Replacement Cost*

Plaintiff also seeks clarification as to whether he will be permitted to present other evidence at trial as to the replacement cost of the roofing panels, but Plaintiff has not identified any other specific evidence. The Court cannot assess the admissibility of evidence that is not before it. Also, Rule 37's limitations still apply with respect to the admission of new, previously undisclosed evidence. The Court

5

declines to further address this aspect of Plaintiff's motion absent additional details.

**D.    *Summary***

For these reasons, the Court **grants** Plaintiff's motion in part, **denies** it in part, and **declines to address** it in part. Plaintiff is free to pursue replacement cost of the metal buildings' roofs as an alternative measure of damages. To the extent Plaintiff seeks admission of any of Lorenzo's previously excluded testimony, the Court denies the motion. To the extent Plaintiff seeks admission of Lorenzo's testimony that was not previously excluded, Plaintiff is free to offer it, subject to any meritorious objection. Finally, the Court presently declines to address the admissibility of any additional evidence beyond that specifically addressed herein.

SO ORDERED AND ADJUDGED this 25th day of February, 2020.

/s/    Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE