IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**BURROUGHS DIESEL, INC.**                                                                         **PLAINTIFF**

v.                                                           CIVIL ACTION NO. 2:18-CV-26-KS-MTP

**BAKER PETROLITE, LLC,** *et al.*                                                        **DEFENDANTS**

### ORDER

On March 2-6 and 9-10, 2020, the Court held a jury trial in this case. The jury returned a mixed verdict. It found in favor of Defendant Poly Processing Company, LLC as to all of Plaintiff's claims, but it found in favor of Plaintiff as to the claims of against Defendants Baker Petrolite, LLC and Baker Hughes Oilfield Operations, Inc. (collectively, "Baker"). The jury awarded Plaintiff $560,361.85 in damages for its damaged tire inventory. The Court entered a Final Judgment consistent with the verdict on March 16, 2020. On March 18, 2020, Plaintiff filed a Motion for Prejudgment Interest, Postjudgment Interest, and Costs [261] and a Bill of Costs [262], which the Court now addresses.

*A.    Prejudgment Interest*

First, Plaintiff argues that the Court should award it prejudgment interest on the amount of the judgment ($560,361.85) in the amount of 8% compounded annually from the date the Complaint was filed (February 21, 2018) to the date the Final Judgment was entered (March 16, 2020), or approximately $96,560.14. In response, Baker argues that an award of prejudgment interest would be inappropriate because

there was a legitimate dispute as to both the amount of damages and Baker's liability.

"State law governs the award of prejudgment interest in diversity cases." *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010). "An award of prejudgment interest rests in the discretion of the awarding judge. Under Mississippi law, prejudgment interest may be allowed in cases where the amount due is liquidated when the claim is originally made or where the denial of a claim is frivolous or in bad faith." *Hans Constr. Co. v. Drummond*, 653 So. 2d 253, 264 (Miss. 1995); *see also Liberty Mut. Fire Ins. Co. v. Canal Ins. Co.*, 177 F.3d 326, 339 (5th Cir. 1999). "No award of prejudgment interest is allowed where the principle amount has not been fixed prior to judgment." *Preferred Risk Mut. Ins. Co. v. Johnson*, 730 So. 2d 574, 577 (Miss. 1998). "Prejudgment interest has been denied where there is a bona fide dispute as to the amount of damages as well as the responsibility for the liability . . . ." *Upchurch Plumbing, Inc. v. Greenwood Utils. Comm'n*, 964 So. 2d 1100, 1116 (Miss. 2007).

Although the purchase price and value of Plaintiff's tire inventory was fixed prior to judgment, evidence was introduced at trial which – although the jury ultimately found in Plaintiff's favor – created a bona fide dispute as to the amount of damages and/or whether Baker was liable for the damages. Baker introduced evidence that Plaintiff's representative asked a tire manufacturer to alter its initial inspection report regarding the tires. Specifically, Plaintiff asked the manufacturer to add a sentence to its initial report stating that the tires were probably damaged by the acid vapor. Additionally, the extent of the vapor's encroachment on Plaintiff's

property was a key issue at trial, with substantial evidence cutting both ways. Finally, there was a genuine dispute as to whether Baker, Poly, or both caused the acid leak. Therefore, the Court finds that there was a bona fide dispute as to the amount of damage to the tire inventory caused by the vapor cloud, and as to whether Baker was responsible for it. Accordingly, the Court denies Plaintiff's request for prejudgment interest.

## B.   *Postjudgment Interest*

Next, Plaintiff argues that the Court should award it postjudgment interest as prescribed in 28 U.S.C. § 1961(a), accruing from the date judgment was entered until it is paid in full. Baker did not respond to this argument in its response.

"Federal law governs postjudgment interest in federal cases, including diversity cases." *Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 456 (5th Cir. 2013). "Postjudgment interest is not discretionary but 'shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield.'" *Id.* (quoting 28 U.S.C. § 1961(a)). Therefore, the Court grants Plaintiff's request for postjudgment interest at the rate prescribed by 28 U.S.C. § 1961(a).

## C.   *Costs*

Finally, Plaintiff argues that the Court should award it $15,405.98 in fees and costs. Baker argues that Plaintiff is not entitled to any costs because it was not the prevailing party. Rule 54 provides that costs generally "should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). "A party need not prevail on all issues to

justify an award of costs." *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 131 (5th Cir. 1983). Rather, the question for the Court is whether Plaintiff, "as a practical matter, has prevailed." *Kaepa, Inc. v. Achilles Corp.*, 216 F.3d 1080, 2000 WL 729242, at *6 (5th Cir. 2000).

In the Court's opinion, Plaintiff did not prevail in this litigation, at least not for practical purposes. The Court granted summary judgment in Baker's favor as to several categories of damages. At trial, the jury returned a verdict against Baker, but it only awarded Plaintiff a small fraction of the damages it sought, awarding nothing for four of the five categories of damages submitted to it. Although the jury awarded Plaintiff the full cost of its tire inventory, it declined to award any lost profits.

Additionally, in an itemization of damages submitted with the parties' dispositive motions, Plaintiff represented that it had suffered over $4.4 million in damages. Exhibit 3 to Response, *Burroughs Diesel, Inc. v. Baker Petrolite, LLC*, No. 2:18-CV-26-KS-MTP (S.D. Miss. July 19, 2019), ECF No. 166-5. During closing argument at trial, Plaintiff asked the jury to award it $3,000,000.00 in damages. In the end, Plaintiff only got $560,361.85, less than 15% of what it initially sought.

At best, this case ended in a draw, particularly in light of Plaintiff's cost of litigation. Plaintiff only recovered a small fraction of its claimed damages, and it recovered nothing on several categories of damages. Therefore, the Court finds that Plaintiff was not the prevailing party, as contemplated by Rule 54(d)(1), and each side should bear its own costs. *In re Corrugated Container Antitrust Litigation*, 756 F.2d 411, 418 (5th Cir. 1985) (district court did not abuse discretion by ordering each

party to pay their own costs where jury found for plaintiffs in part and defendants in part); *see also Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 384 (5th Cir. 2012); *In re Cavu/Rock Properties Project I, LLC*, 637 F. App'x 123, 127 (5th Cir. 2016); *Songcharoen v. Plastic & Hand Surgery Assocs., PLLC*, 2013 WL 12123523, at *3 (S.D. Miss. Jan. 10, 2013).

For these reasons, the Court **grants in part and denies in part** Plaintiff's Motion for Prejudgment Interest, Postjudgment Interest, and Costs [261] and **sustains Defendant's objection** to Plaintiff's Bill of Costs [262]. The Court grants Plaintiff's request for postjudgment interest, as provided above, but the Court denies Plaintiff requests for prejudgment interest and costs.

SO ORDERED AND ADJUDGED this 28th day of April, 2020.

      /s/     Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE